

# In the
# Missouri Court of Appeals
## Western District

STATE OF MISSOURI,

          Respondent,

v.

SHANNON J. SHAFFER,

          Appellant.

WD76340

OPINION FILED:

AUGUST 5, 2014

**Appeal from the Circuit Court of Benton County, Missouri**
**The Honorable Lisa Carter Henderson, Judge**

**Before Division Two: Victor C. Howard PJ., James E. Welsh, Anthony Rex Gabbert JJ.**

Shannon Shaffer Sr. (Shaffer Sr.) appeals the circuit court's judgment finding him guilty of second degree murder. Shaffer Sr. raises three points on appeal. First, Shaffer Sr. argues that the court erred in denying his motion for judgment of acquittal because there was insufficient evidence that his steering input to his motor vehicle was done for the purpose of seriously injuring or killing Tommy "Bo" Bryant. Second, Shaffer Sr. argues that the court erred in overruling defense counsel's motion for a mistrial after one of the State's witnesses testified that "people are in jail because they're obviously guilty" because it denied him a fair trial and destroyed his presumption of innocence. Lastly, Shaffer Sr. argues that the court erred in excluding testimony from Erika Fulbright as to whether her boyfriend, Shannon Shaffer Jr.

(Shaffer Jr.), was upset after Bryant struck him in the head with a wooden stick because the testimony was admissible and its exclusion was unreasonable. We affirm.

## Factual Background

In April 2012, there were several residences located on the same parcel of land. In the main brick house lived Shaffer Sr.'s daughter, parents, and his brother-in-law, Gene Eagleburger. Shaffer Jr. and Fulbright lived together in a camper right outside of the brick house. Bryant lived in a trailer up the hill from the brick house. Between Bryant's trailer and the brick house, there was another trailer where Johnny and Teresa Davis lived.

On April 22, 2012, Shaffer Sr. appeared at his son's residence. Shaffer Sr., Shaffer Jr. and Fulbright all left in Shaffer Sr.'s Jeep. After driving around various lakes and other sites, they stopped in a store in Springfield for groceries for a barbecue. The group next went to Bryant's trailer and had a few drinks with Bryant before they all left and went to Turkey Creek Lake.

After Turkey Creek Lake, the group went to Orleans Bridge to barbecue. At Orleans Bridge, the group got into an argument with some fishermen there. Bryant and Shaffer Sr. also got into an argument. The group left and dropped Bryant off at the end of his driveway but did not drive him all the way up to his trailer. After Shaffer Sr. dropped Bryant off, Bryant jumped onto the hood of the Jeep as it was moving. Bryant rolled off, and the Jeep kept going. Shaffer Sr., Shaffer Jr., and Fulbright returned to the lake and stopped by a farmhouse before returning home.

When they arrived at the residence, they saw Bryant coming up, holding a wooden stick. They got out of the Jeep and Bryant started swinging the stick, hitting the Jeep and then Shaffer Jr. in the head. Shaffer Sr., Shaffer Jr., and Fulbright jumped back into the Jeep with Shaffer Sr.

2

driving, Shaffer Jr. in the backseat, and Fulbright in the front passenger seat. Shaffer Jr.'s head was bleeding badly.

Eagleburger came up the driveway and grabbed Bryant and pulled him away to take him back to his house. As they were walking off of the concrete driveway and onto the gravel, Eagleburger heard the Jeep's engine rev up. He and Bryant then moved off the road to get out of the way. Shaffer Sr. veered off the driveway and came towards them. Eagleburger jumped out of the way, but Bryant turned around and stuck his hands up as the Jeep hit him going full speed. The Jeep then veered back onto the driveway while Eagleburger was yelling, "Please stop. Please stop." When the Jeep hit a dip in the driveway, it ran over Bryant. The Jeep continued down the driveway and onto the highway.

Missouri State Highway Patrolman Mike Adams was the first to arrive on the scene. An ambulance arrived immediately thereafter, but Bryant was already dead. Sergeant Jason Trammell arrived at the scene to investigate and noticed fresh tire tracks leaving the concrete portion of the road and continuing onto the grassy area before returning to the concrete roadway. Sergeant Scott Richardson of the Missouri State Highway Patrol concluded that the tracks had been made by an accelerating vehicle that was spinning its rear tires.

The autopsy confirmed that Bryant's injuries were consistent with him being struck and dragged by a motor vehicle. It was determined that Bryant's death was caused by a lack of oxygen to the brain as a result of collapsed lungs, caused by blunt force injury to his chest.

Three days after the incident, Shaffer Sr. was taken into custody and told police that the Jeep they were looking for was his. After inspecting the Jeep, Sergeant Trammell concluded that it was the vehicle that had run over Bryant. Shaffer Sr. was charged with second degree murder as a prior and persistent offender. While Shaffer Sr. was in Polk County Jail awaiting trial,

3

Charles Gillan overheard a conversation wherein Shaffer Sr. joked that when he looked into his mirror, he could see Bryant in the wheel well of his truck, waving at him. While they were both in the Polk County Jail, Shaffer Sr. talked to Jonathan Piper several times about how he remembered looking out his driver's side window and seeing Bryant stuck in his wheel well, waving goodbye and bouncing with his arm extended.

After hearing all of the evidence, the jury was instructed on the offenses of second degree murder, voluntary manslaughter, and involuntary manslaughter. The jury found Shaffer Sr. guilty of second degree murder. The court sentenced him to thirty years. Shaffer Sr. appeals.

### Insufficiency of Evidence

In his first point on appeal, Shaffer Sr. argues that the circuit court erred in denying his motion for judgment of acquittal because there was insufficient evidence that his steering input was for the purpose of seriously injuring or killing Bryant. Shaffer Sr. contends that the fact that the steering input resulted in the vehicle veering into the grass and hitting Bryant is not evidence that the purpose for the steering input was to seriously injure or kill Bryant. We find no error.

"This Court's review of a challenge to the sufficiency of evidence supporting a criminal conviction is limited to a determination of whether sufficient evidence was presented at trial from which a reasonable juror might have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt." *State v. Starkey*, 380 S.W.3d 636, 641 (Mo. App. 2012) (citing *State v. Farris*, 125 S.W.3d 382, 387 (Mo. App. 2004)). Under this standard, we accept as true all of the evidence favorable to the verdict, including all favorable inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). The Court gives great deference to the trier of fact and does not reweigh the evidence, resolve evidentiary conflicts, or decide the credibility of witnesses. *State*

4

*v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998). *See also State v. Grim*, 854 S.W.2d 403 (Mo. banc 1993).

"A person commits the crime of murder in the second degree if he knowingly causes the death of another person or, with the purpose of causing serious physical injury to another person, causes the death of another person." § 565.021.1(1), RSMo 2000.[1] "Direct proof of the required mental state is seldom available, and such intent is usually inferred from circumstantial evidence." *State v. Letica*, 356 S.W.3d 157, 166 (Mo. banc 2011). "The defendant's mental state may be determined from evidence of the defendant's conduct before the act, from the act itself, and from the defendant's subsequent conduct." *State v. McKinney*, 253 S.W.3d 110, 114 (Mo. App. 2008) (quotation omitted). "It will be presumed that a person intends the natural and probable consequences of his acts." *State v. Stiegler*, 129 S.W.3d 1, 4 (Mo. App. 2003) (quotation omitted). "A person is presumed to have intended that death follow acts which are likely to produce that result." *Id.* (quotation omitted).

Shaffer Sr. argues that there was insufficient evidence to prove that his steering input was done with the purpose to seriously injure or kill Bryant. We disagree. First, Bryant was not hit by the Jeep until after he was walking away from the altercation. Second, Eagleburger testified that the Jeep fully accelerated down the driveway. Third, in order to hit Bryant, the Jeep had to veer off the driveway because Eagleburger and Bryant were walking off to the side of the driveway in the grassy area. After hitting Bryant, the Jeep veered back onto the driveway. Fourth, Sergeant Richardson testified that tire tracks had been made by an accelerating vehicle that was spinning its rear tires due to acceleration. Lastly, two witnesses who were incarcerated

---

[1] All statutory references are to the Missouri Revised Statutes 2000, updated through the 2013 cumulative supplement, unless otherwise noted.

with Shaffer Sr. testified that Shaffer Sr. had joked about seeing Bryant in the wheel well of his vehicle waving goodbye and bouncing with his arm extended. With this evidence on the record, a reasonable juror could find beyond a reasonable doubt that Shaffer Sr.'s steering input was done with purpose to seriously injure or kill Bryant. Therefore, we find no error. Point one is denied.

**Motion for a Mistrial**

In his second point on appeal, the trial court erred in overruling defense counsel's motion for a mistrial after Charles Gillan, one of the State's witnesses, testified that "people are in jail because they're obviously guilty" because it denied Shaffer Sr. a fair trial and destroyed his presumption of innocence. Shaffer Sr. contends that the statement was a highly prejudicial comment on Shaffer Sr.'s guilt and the prejudicial effect of the statement could not be removed by the court's instruction to disregard it. We find no error.

This Court reviews a trial court's refusal to grant a mistrial for abuse of discretion. *State v. McGowan*, 184 S.W.3d 607, 610 (Mo. App. 2006). "This is because the trial court has observed the complained of incident and is in a better position than is an appellate court to determine what prejudicial effect, if any, the alleged error had on the jury." *Id.* An abuse of discretion is found when the trial court's ruling is clearly against the logic of the circumstances then before it and when the ruling is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of careful consideration. *Id.*

Under cross-examination by Shaffer Sr.'s counsel, Gillan testified that he had met Shaffer Sr. in the Polk County Jail. He further testified that people talk about their cases. Then the following questioning took place:

> [Shaffer Sr.'s Counsel]: Have you ever lied about what you're in jail for?

6

> Gillan: No.
> Q: Have you ever known anybody to lie about what they're in jail for?
> A: I've known people. But, yeah. I mean, people are in jail because they're obviously guilty, you know.

After this statement was made by Gillan, Shaffer Sr.'s counsel objected. The court then sustained the objection and stated that it would instruct the jury to disregard the statement. Before the court instructed the jury, Shaffer Sr. requested a mistrial. The court denied the motion for mistrial, but instructed the jury in the following manner:

> The Court: All right. Members of the jury, with regard to the witness's last comment concerning anybody being obviously guilty because of the fact that they might be jailed somewhere, you are to disregard that testimony and give that no weight whatsoever in your deliberations.

Shaffer Sr. argues that the court erred in not granting his motion for mistrial because the statement was so highly prejudicial that the court's statement to the jury was insufficient. We disagree. "The law is well-settled that a mistrial is a drastic remedy reserved for the most extraordinary circumstances, and the decision whether to grant one is left to the sound discretion of the trial court." *State v. Barnett*, 980 S.W.2d 297, 305 (Mo. banc 1998) (internal citations omitted). A mistrial should only be granted when the prejudice to the defendant cannot be removed in any other way. *State v. Jones*, 134 S.W.3d 706, 717 (Mo. App. 2004).

Here, Gillan's statement was a brief, unsolicited, and general statement. The statement did not explicitly name Shaffer Sr. or what crime he was guilty of. Furthermore, once Shaffer Sr.'s counsel objected to the statement, the court sustained his objection. When Shaffer Sr. then moved for a mistrial, the court denied the motion but instructed the jury to disregard the statement and give it no weight in deliberations. As a mistrial is only to be granted in extraordinary circumstances, the instruction was the appropriate remedy. Furthermore, we presume that the jury followed the court's instruction on the matter. *State v. McFadden*, 369

7

S.W.3d 727, 752 (Mo. banc 2012).  Therefore, we find that the circuit court did not abuse its discretion by denying Shaffer Sr.'s motion for a mistrial because the court gave the jury an instruction to disregard Gillan's brief, unsolicited, and general statement.  Thus, we find no error.  Point two is denied.

### Exclusion of Testimony

In his final point on appeal, Shaffer Sr. argues that the trial court erred in excluding testimony from Fulbright as to whether her boyfriend, Shaffer Jr., was upset after Bryant struck him in the head with a wooden board.  Shaffer Sr. contends that the testimony was admissible and its exclusion was unreasonable because a witness who observes an incident may testify if someone was upset after the incident and such testimony would support Shaffer Sr.'s theory that it was Shaffer Jr. that hit Bryant with the vehicle.  We find no error.

"Trial courts have broad discretion in determining whether to admit or exclude testimony." *State v. Rose*, 86 S.W.3d 90, 98 (Mo. App. 2002).  "The admissibility of evidence lies within the sound discretion of the trial court and will not be disturbed absent abuse of discretion." *Nelson v. Waxman*, 9 S.W.3d 601, 603 (Mo. banc 2000).  Abuse of discretion occurs when the trial court's ruling is clearly against the logic of the circumstances, or when it is arbitrary and unreasonable. *Id.* at 604.  "Even if the exclusion of testimony is erroneous, we will not reverse the judgment absent a finding that the error materially affected the merits of the action." *Eagan v. Duello*, 173 S.W.3d 341, 349 (Mo. App. 2005) (internal quotations omitted).

Here, the trial court allowed Shaffer Sr. to rephrase the question to Fulbright.  While Shaffer Sr. did rephrase the question, it still required Fulbright to make a conclusion on whether Shaffer Jr. was in fact upset.  Fulbright, as a lay witness, "can testify as to what [s]he hears, feels, tastes, and smells as well as what [s]he sees." *Stone v. Missouri Dep't of Health & Senior Servs.*,

8

350 S.W.3d 14, 21 (Mo. banc 2011). Thus, Fulbright could have testified that it appeared to her that Shaffer Jr. was upset but just could not testify that Shaffer Jr. was in fact upset, which was how the questions were worded.

Even if, however, we concluded the exclusion of this testimony was erroneous, the error did not materially affect the merits of the action. First, Shaffer Jr. testified in this case. Shaffer Sr. had the opportunity and did question Shaffer Jr. to see if he was actually upset after he was hit in the head with a wooden stick by Bryant. To this question, Shaffer Jr. responded that he was not upset. Second, the jury had the evidence before them that Bryant was upset and hit Shaffer Jr. in the head with a wooden stick. Also, immediately after Shaffer Sr., Shaffer Jr., and Fulbright left, Shaffer Sr. and Shaffer Jr. were arguing. With that information on the record, the jury could have concluded that Shaffer Jr. was likely upset about getting hit in the head despite Shaffer Jr.'s testimony to the contrary.

Therefore, we find that the circuit court did not abuse its discretion in excluding the testimony from Fulbright about whether Shaffer Jr. was upset after getting hit in the head because the court allowed Shaffer Sr. to rephrase his question. Even if the exclusion of the testimony was erroneous, the error did not materially affect the merits of the action because Shaffer Jr. was asked if he was in fact upset and there was evidence on the record that the jury could have concluded that Shaffer Jr. was likely upset after getting hit in the head. Thus, we find no error. Point three is denied.

**Conclusion**

We conclude, therefore, that the circuit court did not err in (1) denying Shaffer Sr.'s motion for judgment of acquittal because there was sufficient evidence on the record that a reasonable juror could find beyond a reasonable doubt that Shaffer Sr.'s steering input was done

9

with the purpose of seriously injuring or killing Bryant; (2) overruling defense counsel's motion for a mistrial after Charles Gillan, one of the State's witnesses, testified that "people are in jail because they're obviously guilty" because an instruction was given to the jury to disregard Gillan's brief, unsolicited, and general statement; and (3) excluding testimony from Fulbright as to whether her boyfriend, Shaffer Jr., was upset after Bryant struck him because Shaffer Sr. was allowed to rephrase the question and, even if the exclusion of the testimony was erroneous, the error did not materially affect the merits of the action. We affirm the circuit court's judgment.

Anthony Rex Gabbert, Judge

All concur.

10